UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH A. BARKER, REGIONAL DIRECTOR OF REGION 13 OF THE NATIONAL LABOR RELATIONS BOARD, FOR AND ON BEHALF OF THE NATIONAL LABOR RELATIONS BOARD<br><br>Petitioner<br><br>v.<br><br>LABORERS' INTERNATIONAL UNION, LOCAL 118, AFL-CIO-CLC<br><br>Respondent | FILED: JUNE 13, 2008<br>08CV3412<br>JUDGE ANDERSEN<br>MAGISTRATE JUDGE COLE<br>EDA<br><br>Civil No.<br><br>Judge<br>Magistrate Judge |

**PETITION FOR TEMPORARY INJUNCTION UNDER
SECTION 10(l) OF THE NATIONAL LABOR RELATIONS ACT**

To:   The Honorable Judge for the United States District Court for the Northern District of Illinois

The National Labor Relations Board (the "Board"), through Joseph A. Barker, Regional Director for Region 13 of the Board, petitions this Court for appropriate injunctive relief against Laborers' International Union, Local 118, AFL-CIO-CLC. This injunctive relief is sought pending the final adjudication of matters currently before the Board as a result of Countryside Industries' charges that Respondent has been and continues to engage in acts which violate Section 8(b)(4)(i)(ii)(D) of the National Labor Relations Act (the "Act"), as amended, 29 U.S.C. § 158(b)(4)(i)(ii)(D). The Board brings this petition pursuant to Section 10(l) of the Act, 29 U.S.C. § 160(l). In support thereof, the Petitioner respectfully states:

1)   Petitioner is the Regional Director for Region 13 of the Board, an agency of the United States Government, and files this petition for and on behalf of the Board.

2)   Jurisdiction of the Court is invoked pursuant to Section 10(l) of the Act. Countryside is engaged in business operations within this judicial district.

3) About May 19, 2008, Countryside Industries (hereinafter "Countryside") filed with the Board an unfair labor practice charge in Case 13-CD-773 against Respondent. A copy of this charge is marked as Exhibit 1 and attached hereto.

4) The charge was referred to the Petitioner as Regional Director of Region 13 of the Board.

5) The charge alleges that Respondent has engaged in unfair labor practices within the meaning of Section 8(b)(4)(i)(ii)(D) of the Act.

6) Petitioner has reasonable cause to believe that the charge is true. Petitioner further believes there is a likelihood of success on the merits of the charge pending before the Board and that substantial and irreparable harm to the Charging Party will be unavoidable absent this Court granting Petitioner's Petition for temporary injunctive relief. Specifically, Petitioner believes that Respondent has engaged in the following acts and conduct in violation of Section 8(b)(4)(i)(ii)(D) of the Act:

    (a) Respondent exists for the purpose of dealing with employers concerning labor disputes and in bargaining collectively with employers regarding wages, rates of pay, hours of employment and other terms and conditions of employment for employees, either directly or through its local unions.

    (b) Respondent is now, and has been at all material times herein, a labor organization within the meaning of Section 2(5) of the Act.

    (c) At all material times, Martin Flanagan held the position of Respondent's President/Business Manager, and has been an agent of Respondent within the meaning of Section 2(13) of the Act:

    (d) At all material times, Countryside, an Illinois corporation with an office and place of business in Wauconda, Illinois, has been engaged in the business of landscaping services to clients.

    (e) During the past calendar year, a representative period, Countryside, in conducting its business operations, has purchased and received goods and materials valued in excess of $50,000 from entities located outside of the State of Illinois.

(f) Countryside is now, and has been at all material times herein, an employer engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act.

(g) At all material times, The Arboretum has been the owner of a job situs of approximately 80 acres in South Barrington, Illinois, which is currently being developed into a retail development, including some 20 buildings such as movie theaters, restaurants, and retail operations.

(h) At all material times, Ragnar Benson has been operating as the general contractor of The Arboretum job site and in that capacity, has contracted with various construction and trades entities, including Countryside, to complete work on the property.

(i) Rangar Benson currently has a collective-bargaining agreement with Respondent, which is effective by its terms from June 1, 2006, to May 31, 2010.

(j) Countryside currently has a collective-bargaining agreement with the International Union of Operating Engineers, Local 150/International Brotherhood of Teamsters, Local 703, which is effective by its terms from January 1, 2007, to December 31, 2009.

(k) At all material times, Ragnar Benson contracted with Countryside to complete landscaping construction services, irrigation and well installation only.

(l) At all material times, The Arborteum entered into an oral agreement with Countryside to complete the installation of brick pavers on the Arboretum property.

(m) By letter dated March 24, 2008, Respondent made a request to Ragnar Benson to be awarded the installation of brick pavers work and all clean up work and made a demand that Countryside be removed from The Arboretum project. A copy of this letter is attached as Exhibit 2.

(n) By letter dated April 18, 2008, Respondent, through its counsel, expressed that it was "concerned that your company may be planning to subcontract certain covered work to a non-signatory entity called Countryside Landscaping, and perhaps to other entities." A copy of this letter is attached as Exhibit 3.

(o) About April 22, 2008, Respondent filed a grievance against Ragnar Benson alleging a violation of a provision in the collective-bargaining agreement referred to in paragraph 6(i) above regarding subcontracting and sought the removal of Countryside and payment in lieu of work performed by Countryside for brick paver installation. A copy of this grievance is attached as Exhibit 4.

(p) By letter dated April 23, 2008, Ragnar Benson notified Respondent that they had not violated their collective-bargaining agreement because they had not entered into a sub-contractual relationship with Countryside to perform the brick paver installation. A copy of this letter is attached as Exhibit 5.

(q) On May 14, 2008, Countryside commenced work on the brick paver installation.

(r) Despite the information that the grievance referenced above in paragraph 6(n) was not valid because of the absence of any contractual relationship with Countryside and Ragnar Benson over the brick paver installation, Respondent commenced picketing on May 19, 2008, at The Arboretum property. Respondent's picket signs read:

> Employees Country Side Landscape
> Receive Substandard
> Wages and Benefits
> Laborers
> Local #118

(s) About May 19, 2008, Countryside was removed by Ragnar Benson from the jobsite so that work could continue uninterrupted by sympathy support for the strike by employees of other contractors

     at The Arboretum property. This same information was communicated to Respondent via letter from Ragnar Benson dated May 19, 2008. A copy of this letter is attached as Exhibit 6.

(t)  Although picketing has not resumed since about May 19, 2008, Respondent has refused to give assurances to Petitioner that it will not renew its picket line against Countryside should they return to the property to complete work on the brick paver installation.

(u)  An object of Respondent's conduct as described above in Paragraphs 6(m) through 6(s) has been to force or require the assignment of the work described above in paragraph 6(n) to employees who are members of, or represented by, Respondent.

(v)  By the acts and conduct described above in Paragraphs 6(m) through 6(s), Respondent has engaged in and has induced and encouraged individuals employed by Countryside and other persons engaged in commerce or in an industry affecting commerce, to engage in a strike or refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials or commodities or to perform services.

(w)  By the acts and conduct set forth above in paragraphs 6(m) through 6(s), Respondent has threatened, coerced, and restrained Countryside and other persons engaged in commerce or in industries affecting commerce.

(x)  By the acts and conduct described above in paragraphs 6(m) through 6(v), Respondent has been violating Section 8(b)(4)(i)(ii)(D) of the Act and affecting commerce within the meaning of Sections 2(6) and 2(7) of the Act.

(y)  The unfair labor practices of Respondent, described above in paragraphs 6(m) through 6(v), have taken place within this judicial district.

(z)   A hearing pursuant to Section 10(k) of the Act is scheduled to commence on Tuesday, June 24, 2008. This hearing will address the work assignment of the brick paver installation.

7)   It is imperative that Countryside return to complete its work on the brick paver installation. However, because Respondent has refused to give assurances that it will not resume picketing, it is anticipated that at that time, Respondent will resume its unlawful picketing activity at The Arboretum situs. This harm has the real potential to further halt all construction at the jobsite, thereby incurring additional and significant monetary losses, such as losses in costs associated with compensating contractors on the site for their lost time. This halting of construction has also caused a loss of reputation to Countryside, Ragnar Benson, and The Arborteum with the Village of South Barrington. The Village of South Barrington has expressed serious concerns about whether Countryside, Ragnar Benson, and The Arborteum have engaged in improper conduct. Additionally, approximately 40 current tenants of The Arboretum have been unable to move goods onto the project to set up retail operations, and The Arboretum may be forced to delay the payment of rent. From a public standpoint, there exists the potential for losses in sales and property tax revenue due to a delay in the opening of retail stores and delays in the completion of over $4 million dollars worth of road improvement. This, in turn, would cause increases in traffic delays and signal disruptions.

8)   Respondent's unfair labor practices, as described above in paragraphs 6(m) through 6(v), have and will continue to irreparably harm the remedial purposes of the Act and the public interest in deterring continued violations.

9)   There is no adequate remedy at law for the irreparable harm being caused by Respondent's unfair labor practices, as described above in paragraphs 6(m) through 6(v). Absent interim relief, the Board will be unable and powerless to make Respondent cease its unlawful activities during the pendency of the Board's processes.

10)   In balancing the equities, the immediate and substantial threat to the collective-bargaining and business relationships of Ragnar Benson, Countryside, and The Arboretum and the myriad other contractors performing work at The Arboretum, to the public interest, and to the policies of the Act clearly outweigh the minimal burden on

Respondent of providing assurances that it will not resume its picketing. Such a requirement is not unduly burdensome on Respondent.

11) Upon information and belief, to avoid the serious consequences set forth above, it is essential, just and proper and appropriate for the purposes of effectuating the policies of the Act and avoiding substantial, irreparable, and immediate injury to such policies, to the public interest, and to the employees involved herein, and in accordance with the purposes of 10(l) of the Act that, pending final resolution of the proper assignment of the brick paving work, Respondent be enjoined and restrained as herein prayed.

**WHEREFORE, PETITIONER PRAYS:**

1) That the Court issue an Order enjoining and restraining Respondent, its officers, agents, representatives, servants, employees, attorneys, and all members and persons acting in concert or participating with it, pending the final adjudication of the matters involved herein, from in any manner picketing, causing to picket, threatening to picket or cause a work stoppage, causing a work stoppage, or otherwise inducing or encouraging any individual employed by any person engaged in commerce or in an industry affecting commerce to refuse to handle or work on goods, or perform services for Countryside, where an object of such activity is to force or require the reassignment of the work of installing brick pavers to employees who are members of or represented by Respondent.

2) That the Court grant such further and other relief as may be just and proper.

DATED at Chicago, Illinois, this 13th day of June, 2008.

_____
Joseph A. Barker, Regional Director
National Labor Relations Board
Region 13
200 South LaSalle Street, Suite 900
Chicago, IL 60604

H:\R13COM\Litigation Holds\13-CD-773\DCT.13-CD-773.petition.doc

FORM NLRB-508
(9-07)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATIONS OR ITS AGENTS**

DO NOT WRITE IN THIS SPACE

| Case | Date Filed |
|---|---|
| 13-CD-773 | / / 5/19/08 |

**INSTRUCTIONS:** File an original together with four copies and a copy for each additional charged party named in item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

a. Name

Laborers' Union Local 118

b. Union Representative to contact

Martin Flanagan

c. Telephone No. 630 - 655-8289
Fax No. 630 - 655-8853

d. Address (Street, city, state, and ZIP code)

832 East Rand Road Unit 15
Mount Prospect, IL 60056

e. The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (list subsections) (4)(d) ___ ___ ___ ___ ___ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On May 19, 2008, members and agents of Laborers' Union Local 118 caused a work stoppage at the construction site listed below in an effort to force Ragnar Benson, a general contractor, to assign work to Local 118 rather than workers from Countryside Industries, a landscaping subcontractor with workers represented by the International Union of Operating Engineers Local 150.

3. Name of Employer

Countryside Industries and Ragnar Benson

4. Telephone No. (312) - 795-3264
Fax No. (312) - 372-7880

5. Location of plant involved (street, city, state and ZIP code)

Route 59 and Route 72, Barrington, IL (Arboretum)

6. Employer representative to contact

David Christlieb

7. Type of establishment (factory, mine, wholesaler, etc.)

Construction

8. Identify principal product or service

Retail Development

9. Number of workers employed

25

10. Full name of party filing charge

Countryside Industries, Inc.

11. Address of party filing charge (street, city, state and ZIP code.)

29947 North Rand Road, Wauconda, IL 60084

12. Telephone No. (312) - 795-3264
Fax No. (312) - 372-7880

### 13. DECLARATION

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By (signature of representative or person making charge)

David L. Christlieb Atty (Print/type name and title or office, if any)

Address: 200 N. La Salle Suite 2900, Chicago, IL 60601

(Fax) 312-372-7880
(Telephone No.) 312-795-3264
(date) 5/19/08

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.


EXHIBIT

TEL: 847-394-8007
FAX: 847-394-4823



**LABORERS LOCAL 118**
832 EAST RAND ROAD – UNIT 15
MOUNT PROSPECT, ILLINOIS 60056

March, 24, 2008

**VIA FACEMAIL 847-428-1576**

Eric Schwab
Ragnar Benson
250 S. Northwest Highway
Park Ridge, Il. 60068

Re: ARBORETUM (South Barrington)

Dear Mr. Eric Schwab

We are writing this letter in response to our last visit of your project at the above location. During that time we noticed a company by the name of *Countryside Landscaping installing brick pavers.* Countryside Landscaping is not a signatory contractor with the Laborers Union. We are requesting you to remove Countryside Landscaing from your project. Under our Collective Bargaining Agreement you have with the Laborers' District Council any sub-contractor preforming covered work must have a Collective Bargaining Agreement with the Laborers'. Failure to remove Countryside Landscaping will be a direct Violation of your Agreement with the Laborers' and Ragnar Benson LLC will be held liable for all hours of covered worked that Countryside Landscape preforms.

Also all clean up on the above mentioned project is covered work, any clean up work preformed with out the assistance or Laborers will be a Violation of your collective Bargaining Agreement and Ragnar Benson LLC will be held liable for all hours worked.

Thanking you in advance for your assistance in this matter if you have any questions please do not hesitate in contacting us at the above phone number.

Respectfully Your,


Martin Flanagan
President / Business Manager
Laborers' Local No. 118

**EXHIBIT 2**

04/18/2008  15:53    3123726599              DOWD BLOCH & BENNETT                    PAGE  02/t

## LAW OFFICES
# DOWD, BLOCH & BENNETT

8 SOUTH MICHIGAN AVENUE · 19TH FLOOR
CHICAGO, ILLINOIS 60603-3315
PHONE (312) 372-1361
FAX (312) 372-6599

J. PETER DOWD
ROBERT E. BLOCH
BARRY M. BENNETT
ROBERT S. CERVONE
RONALD M. WILLIS

MICHELE M. REYNOLDS
JUSTIN J. LANNOYE
LATISHA M. KINSEY-SALLIS
STEVEN W. JADOS

By telefax and U.S. mail
(847-428-1576)

April 18, 2008

Mr. Eric Schwab
Ragnar Benson
250 S. Northwest Highway
Park Ridge, IL 60068

Re: Arboretum project
    South Barrington, IL

Dear Mr. Schwab:

This office represents Laborers' Union Local No. 118. Pursuant to your collective bargaining agreement, Local 118 requests that a pre-job conference be held concerning the above-captioned project. Among the required topics for the pre-job conference are identification of all subcontractors.

As you may know, Local 118 is concerned that your company may be planning to subcontract certain covered work to a non-signatory entity called Countryside Landscaping, and perhaps to other entities. You should be aware that your Laborers' Union labor contract prohibits such subcontracting to non-signatory entities, and further, it imposes a penalty upon your company equal to the fringe benefit contributions that would have been contributed by the subcontractor should you fail to comply.

Should you ignore the obligations set forth in this letter and in previous letters sent to you by Local 118, the Laborers' Union will seek and obtain all remedies against you that are provided under law.

Sincerely,

Robert E. Bloch

REB/ms
cc: Martin Flanagan

**EXHIBIT 3**

Construction and General Laborers' District Council of Chicago and Vicinity,
Laborers' International Union of North America, AFL-CIO

# GRIEVANCE REPORT FORM

Employer __RAGNAR BENSON CONSTRUCTION__   Date of Report __APRIL 22, 2008__

Employer Address __250 S. NORTHWEST HIGHWAY__

City __PARK RIDGE__   State __IL__   Zip __60068__

Phone __847-698-4900__   Fax __847-692-9320__

Site Where Grievance Arose __ARBORETUM (SOUTH BARRINGTON)__

Affected Employee(s) __ALL__

Date of Violation (or first date known) __APRIL 22-2008__

Applicable Contract (check all that apply):   Article(s) Violated __VII PAR 1-2-3__

- ☐ Independent (ICIA)
- ☐ Concrete Contractors (CCA)
- ☐ Demolition (CDCA)
- ☐ Environmental (IECA)
- ☐ Wall & Ceiling (GDCNI / CAWCC)
- ☒ Lake County (LCCA / MARBA)

- ☐ Builders Association (BAC / MARBA)
- ☐ Mason Contractors (MCA / MARBA)
- ☐ Road Builders (IRBA / MARBA)
- ☐ Underground (UCA / MARBA)
- ☐ Fox Valley (FVGCA / MARBA)
- ☐ Other ____

Nature of Violation (attach additional sheets if necessary) __SUB-CONTRACT WORK TO A NON-BARGAINING UNIT__

Remedy Sought: __REMOVEL OF SUB-CONTRACTOR & PAYMENT OF ALL MONEYS OWED__

Monetary Sought (Wages, Work Dues, Welfare & Pension, Training, LECET, LDCLMCC)
$__48.19 PER HOUR PER MAN FROM ABOVE DATE FORWARD__
*(Please attach Monetary Work Sheet)*

Union Representative Signature __Leo Egozer__   Local Union No. __118__

White - District Council   •   Yellow - Employer   •   Pink - Local Union



EXHIBIT 4

MAY. 5. 2008 11:21AM    LABORERS DISTRICT COUNCIL                    NO. 1733   P. 4/005



**250 S. NORTHWEST HIGHWAY**
**PARK RIDGE, ILLINOIS 60068**
**PHONE (847) 698-4900**
**FAX (847) 692-3929**

April 23, 2008

Laborers Local 118
832 East Rand Road
Unit 15
Mount Prospect, IL 60056

Re:   The Arboretum of South Barrington

Attn: Mr. Martin Flanagan
      President/Business Manager
      Laborers Local No. 118
      Via Facsimile: 847-394-4823

Dear Mr. Flanagan:

We are in receipt of the Grievance Form dated April 22, in reference to brick paver installation.

Please be advised that this work activity has not been subcontracted by Ragnar Benson Construction, LLC. to any subcontractors.

Your legal attorney requested that a jobsite meeting be held to review this issue, this meeting was scheduled by Ragnar Benson for Wednesday, April 23 at 1:00 p.m. and Local 118 elected not to attend this meeting.

If you have other concerns, please contact me at 847-698-4900.

Sincerely,

Stan Zygowicz
Vice President of Construction

/sl

**EXHIBIT 5**



250 S. NORTHWEST HIGHWAY
PARK RIDGE, ILLINOIS 60068
PHONE (847) 698-4900
FAX (847) 692-9320

May 19, 2008

Laborers Local 118
832 East Rand Road
Unit 15
Mount Prospect, IL 60056

Re:   The Arboretum of South Barrington/ Countryside Industries

Attn:  Mr. Martin Flanagan
       President/Business Manager
       Laborers Local No. 118

Dear Mr. Flanagan:

Please advise that Countryside Industries has been removed as of 8:15 a.m. this morning from the above referenced project.

We request that all pickets be removed immediately. We will inform your offices if and when they return.

Sincerely,

Stan Zygowicz

Cc: Paul Paolini
    Carol Lord, MARBA

EXHIBIT 6

08CV3412
JUDGE ANDERSEN
MAGISTRATE JUDGE COLE
EDA

## **CERTIFICATE OF SERVICE**

The undersigned hereby certify that true and correct copies of the Petition for Temporary Injunction Under Section 10(l) of the National Labor Relations Act, have, this 13th day of June 2008, been served in the manner indicated upon the following parties of record:

<u>Hand Delivery</u>

Laborers Union, Local 118
c/o Law Offices of Marc Pekay
30 North LaSalle Street, Suite 2426
Chicago, IL 60602
ATTN: Marc Pekay, Esq.

<u>Certified Mail</u>

Laborers Union, Local 118
2430 East Rand Road
Arlington Heights, IL 60004
ATTN: Mr. Martin Flanagan

Countryside Industries, Inc.
29947 North Rand Road
Wauconda, IL 60084

Littler Mendelson
200 North LaSalle Street, Suite 2900
Chicago, IL 60601
ATTN: David Christlieb, Esq.

The Arboretum
400 Skokie Boulevard, Suite 405
Northbrook, IL 60062
ATTN: Jonathan K. Payne

Bryan Cave, LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
ATTN: Mr. Jules Crystal, Esq.

Ragnar Benson Construction LLC
250 South Northwest Highway
Park Ridge, IL 60068

Hinshaw & Culbertson

221 North LaSalle Street, Suite 300
Chicago, IL 60601
ATTN: Thomas Y. Mandler, Esq. and Scott M. Gilbert, Esq.

International Union of Operating Engineers, Local 150
6200 Joliet Road
Countryside, IL 60525
ATTN: Stan Simrayh

International Union of Operating Engineers, Local 150
Legal Department
6140 Joliet Road
Countryside, IL 60252
ATTN: Bryan Diemer, Esq.

International Brotherhood of Teamsters, Local 703
300 South Ashland Street, Room 502
Chicago, IL 60607
ATTN: Tom Steedy

/s/ *Brigid Garrity, filed electronically*
Brigid Garrity
Counsel for Petitioner
National Labor Relations Board, Region 13
209 South LaSalle Street, Suite 900
Chicago, Illinois 60604
(312) 353-5564