IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Joseph A. Barker, Regional Director of Region 13 of the National Labor Relations Board, for and on behalf of the National Labor Relations Board | )<br>)<br>)<br>)<br>) |
| Petitioner, | ) **No. 08 CV 3412** |
| v. | ) Judge Anderson<br>) Magistrate Judge Cole |
| Laborers' Local 118 | )<br>) |
| Respondent. | ) |

**A Memorandum in Opposition to the National Labor Relations Board's Petition for Injunction Under Section 10(l) of the National Labor Relations Act**

**NOW COMES** Laborers' Local 118 by and through their attorney, Marc M. Pekay, and hereby files this Memorandum in Opposition to the National Labor Relations Board Petition for a Temporary Restraining Order.

Laborers' Local 118 strongly asserts that there is no basis for the NLRB seeking a temporary restraining order in this case. Local 118 believes that the NLRB does not have reasonable cause to seek this injunctive relief and that such action interferes with the Union's constitutional right of free speech to notify the public through informational picketing that a company does not pay its employees area standard wages.

**STATEMENT OF FACTS**

A new mall is being built in South Barrington called, "The Arboretum". The general contractor performing the work on the job is "Ragnar Benson". Ragnar Benson has a Collective Bargaining Agreement with the Laborers' Union. The work

described in the Laborers' Collective Bargaining Agreement includes brick paving. The Contract also has a clause that the employer may not subcontract work covered by the Collective Bargaining Agreement, which is to be performed at the jobsite to anyone that does not have a Collective Bargaining Agreement with the Laborers' Union.

Laborers' Local 118 learned that brick paving work was to be performed at The Arboretum to Countryside Landscaping. On March 24, 2008, Marty Flanagan, President and Business Manager, notified Ragnar Benson that any subcontracting work must be performed by someone having a Collective Bargaining Agreement with the Laborers' Union (attached as Exhibit A). By letter dated April 18, 2008, an attorney for Laborers' Local 118, Robert E. Bloch, notified Ragnar Benson regarding the subcontracting clause of the Collective Bargaining Agreement (attached hereto as Exhibit B) and on April 22, 2008, a grievance was filed (attached hereto as Exhibit C).

In response to the grievance, Ragnar Benson notified Local 118 that they could not violate their Collective Bargaining Agreement because the work had not been subcontracted by Ragnar Benson (see Exhibit D, letter dated April 23, 2008). On May 5, 2008, a letter was also sent the District Council again affirming, "Ragnar Benson Construction, LLC has not subcontracted any work for the installation of brick pavers on the South Barrington Arboretum site." (See Exhibit E.)

Shortly thereafter, it is undisputed that Countryside began performing brick paving work at the facility.

On May 16, 2008, the Union went to the jobsite and asked Countryside employees what they were earning. They indicated that they were earning $6.00 or $7.00 an hour, or maybe $17.00 an hour. The NLRB has been supplied a videotape and the Union can make available this videotape that demonstrates that the Union investigated the wages being paid by Countryside and that they were under the Laborers' area standards.

On May 19, 2008, Local 118 engaged in informational picketing in which they informed the public that Countryside was not paying area standards. Thereafter, Countryside filed a charge claming the picketing was in furtherance of a jurisdictional dispute and to force Ragnar Benson to stop subcontracting work to them (see Exhibit F).

**ANALYSIS**

There does not exist any support to the NLRB's theory that the Union has violated the Act and that this Court enjoin any further picketing under § 10(l) of the National Labor Relations Act. They infer that this Court should rubberstamp their determination. As a matter of law, this is incorrect.

In Hoeber v. Local 30, United Slate, Tile and Composition Roofers, 939 F.2d 118; 1991 U.S. App. LEXIS 16731 (3rd Cir. 1991), the Court held that the NLRB is not entitled to injunctive relief as a matter of course. In that case, the Court stated that they did not believe that Congress intended the National Labor Relations Act or the Federal Court to enjoin picketing based on a mistake or misunderstanding. The Court said that prior to issuing an injunction, there has to be: (1) substantial legal theory, explicit or implicit in the case that would support a finding that an unfair

3

labor practice had occurred and (2) whether or not the facts satisfy the theory. The first factor is whether it is a non-frivolous legal theory and in the second, the NLRB must establish the facts in the case that fit the legal theory. The Court, in the Hoeber Case, then indicated that even if those two tests were met, the Court would still have to determine whether injunctive relief was a just and proper remedy. That Court concluded that based on those tests they would not enjoin clear legal action.

The charge in this case claims that Local 118 engaged in picketing to force Ragnar Benson to assign the work to Laborers' rather than members of Operating Engineers with whom Countryside had a Collective Bargaining Agreement even though Ragnar Benson has told Local 118 that there is no subcontract. The NLRB relies on a case, Laborers' of North America (Capitol Drilling) 318 N.L.R.B 809; 1995 NLRB LEXIS 883 (1995).

In that case, the Board reviewed union actions regarding a grievance and whether the filing of a grievance gave rise to a jurisdictional dispute. After reviewing this action, the Board held that as a matter of law:

> a Union's action through a grievance procedure, arbitration or judicial process, to enforce an arguably meritorious claim against a general contractor that work has been subcontracted in breach of a lawful union signatory clause, does not constitute a claim to the subcontractor for the work, provided that the union does not seek to enforce its position by engaging in or encouraging strikes, picketing or boycotts, or by threatening such actions. (Laborers' of North America (Capitol Drilling) 318 N.L.R.B 8091995 NLRB LEXIS 883 (1995).

The NLRB seems to suggest that the picketing was in furtherance of the grievance. There is one fatal flaw in their argument - Ragnar Benson has no subcontract so there can be no grievance.

The Union was notified repeatedly that Ragnar Benson did not subcontract the work to Countryside and did not have a Contract with Countryside to perform brick paving.  That notice then eliminated the grievance.  The Union could not act to compel Ragnar Benson to assign the work to someone other than Countryside since Ragnar Benson did not have a Contract with Countryside to perform brick paving.  If the NLRB asserts that there is a subcontract between Ragnar Benson and Countryside involving brick paving, then as set forth in Hoeber previously, these misrepresentations to Local 118, which resulted in their actions, cannot be grounds for such injunctive relief.

This appears to be a case of first impression since the Union could not be picketing in furtherance of their grievance since there could not be a grievance.  In Betal Environmental Corp. v. Local Union 78, 162 F.Supp 2d 246; 2001 U.S. Dist. LEXIS 13387 (S.D. N.Y. 2001), the Court reviewed and interpreted a lawsuit for damages, but reviewed the law involving a claim of jurisdictional dispute.  In that case, the Court found that in engaging in informational picketing would not violate the National Labor Relations Act.  In that case, the Court pointed out that informational conduct is free speech protected by the First Amendment.  I do not believe the NLRB would dispute that if no grievance was filed, the Union had properly investigated area standards and there would be no violation or jurisdictional dispute under 8(b)(4)(d) and no need for injunctive relief.  In other words, the sole basis for the NLRB seeking relief is on the grounds of a grievance, which was filed under the belief that Ragnar Benson subcontracted the brick paving to Countryside.

In this case, Local 118 was engaging in informational picketing. The Local was informing the public that Countryside was not paying proper wages. They were not making any claim for the work since it was only informational picketing. Under Betal Environmental, the picketing does not violate the National Labor Relations Act.

The NLRB appears to question whether the picketing for area standards was pretextual. It cannot, however, draw a distinction between Ragnar Benson's lack of a contract and the Unions independent investigation as to Countryside paying area standards. In this case, there is a further problem since an injunction would result in preventing the Union from engaging in valid free speech through informational picketing. If the injunction is issued, Countryside will resume performing the work and the Laborers' Union will be without a remedy since the work that is being performed is under area standards and there is no remedy such that Ragnar Benson and Local 118 could not notify the public that Countryside pays substandard wages.

In Blyer v. New York Coat, Suit, Dress, Rainwear and Allied Workers Union, 522 F.Supp 723; (S.D. N.Y. 1981), the Court denied the NLRB's motion for preliminary injunction. In that case, the Court indicated that the NLRB was attempting to create new law and that the picketing was purposes other than to obtain an assignment of specific work. The Court stated that the District Court, "must consider the interest in preserving the status quo" and that a preliminary injunction by the Board ineffectively prevented the union from attempting to restore the status quo.

In this case, there was no grievance at the time Countryside began working and the Union investigated area standards. There was no contract between Ragnar Benson and Countryside and the filing of the grievance by mistake is not considered a demand for the work. Therefore, the NLRB theory in this case is negated. The Union has not demanded that Countryside or any other entity assign work to laborers. The Courts, as set forth above, have clearly held that to be a jurisdictional dispute there must be a demand for the work and in this case, the only demand was for Ragnar Benson to honor its subcontracting clause. Once the Union determined there was no subcontracting clause, it investigated area standards and properly engaged in informational picketing. The Unions only remedy. By seeking this Injunction, the NLRB is failing to recognize this legal picketing by squashing Local 118's freedom of speech. The reason it was stated earlier that this is a case of first impression is the fact that it is unusual for the general contractor to have denied having a contract with the company with whom the Union has a dispute. It is also unusual because the impact of this injunction seriously interferes with the Union's constitutional right of free speech. An injunction would permit Countryside to work while paying employees whatever rates they want to pay and deny Laborers' Local 118 the right to notify the public that they are undercutting the wages in the area. If Countryside and Ragnar Benson did, in fact, have a contract then they both have unclean hands and should be estopped from trying to enjoin what otherwise would be legal informational picketing.

**CONCLUSION**

Laborers' Local 118 urges this Court to deny the NLRB's Petition for Injunction Relief. They could not pressure Ragnar Benson to cease doing work with Countryside since there was no contract. If the NLRB produces any contract then the actions taken by the Union were based on specific misstatements and information from Ragnar Benson and cannot be the basis for injunctive relief. The Union has not demanded the work and engaged in proper area standard informational picketing. Local 118 urges this Court to deny the NLRB's Petition for Injunctive Relief.

                                      Respectfully submitted on behalf of
                                      Laborers' Local 118,

                                      s/Marc M. Pekay
                                      MARC M. PEKAY

MARC M. PEKAY, P.C.
30 N. LaSalle Street
Suite 2426
Chicago, IL 60602
(312) 606-0980

TEL: 847-394-8007
FAX: 847-394-4823

**LABORERS LOCAL 118**

832 EAST RAND ROAD – UNIT 15
MOUNT PROSPECT, ILLINOIS 60056

March, 24, 2008

**VIA FACEMAIL 847-428-1576**

Eric Schwab
Ragnar Benson
250 S. Northwest Highway
Park Ridge, Il. 60068

Re: ARBORETUM (South Barrington)

Dear Mr. Eric Schwab

We are writing this letter in response to our last visit of your project at the above location. During that time we noticed a company by the name of *Countryside Landscaping installing brick pavers.* Countryside Landscaping is not a signatory contractor with the Laborers Union. We are requesting you to remove Countryside Landscaing from your project. Under our Collective Bargaining Agreement you have with the Laborers' District Council any sub-contractor preforming covered work must have a Collective Bargaining Agreement with the Laborers'. Failure to remove Countryside Landscaping will be a direct Violation of your Agreement with the Laborers' and Ragnar Benson LLC will be held liable for all hours of covered worked that Countryside Landscape preforms.

Also all clean up on the above mentioned project is covered work, any clean up work preformed with out the assistance or Laborers will be a Violation of your collective Bargaining Agreement and Ragnar Benson LLC will be held liable for all hours worked.

Thanking you in advance for your assistance in this matter if you have any questions please do not hesitate in contacting us at the above phone number.

Respectfully Your,

Martin Flanagan
President / Business Manager
Laborers' Local No. 118

04/18/2008  15:53  3123726599                    DOWD BLOCH & BENNETT                              PAGE  02/t

LAW OFFICES
# DOWD, BLOCH & BENNETT
8 SOUTH MICHIGAN AVENUE • 19TH FLOOR
CHICAGO, ILLINOIS 60603-3315
PHONE (312) 372-1361
FAX (312) 372-6599

J. PETER DOWD
ROBERT E. BLOCH
BARRY M. BENNETT
ROBERT S. CERVONE
RONALD M. WILLIS

MICHELE M. REYNOLDS
JUSTIN J. LANNOYE
LAKISHA M. KINSEY-SALLIS
STEVEN W. JADOS

By telefax and U.S. mail
(847-428-1576)

April 18, 2008

Mr. Eric Schwab
Ragnar Benson
250 S. Northwest Highway
Park Ridge, IL 60068

Re: Arboretum project
South Barrington, IL

Dear Mr. Schwab:

This office represents Laborers' Union Local No. 118. Pursuant to your collective bargaining agreement, Local 118 requests that a pre-job conference be held concerning the above-captioned project. Among the required topics for the pre-job conference are identification of all subcontractors.

As you may know, Local 118 is concerned that your company may be planning to subcontract certain covered work to a non-signatory entity called Countryside Landscaping, and perhaps to other entities. You should be aware that your Laborers' Union labor contract prohibits such subcontracting to non-signatory entities, and further, it imposes a penalty upon your company equal to the fringe benefit contributions that would have been contributed by the subcontractor should you fail to comply.

Should you ignore the obligations set forth in this letter and in previous letters sent to you by Local 118, the Laborers' Union will seek and obtain all remedies against you that are provided under law.

Sincerely,

Robert E. Bloch

REB/ms
cc:  Martin Flanagan

Construction and General Laborers' District Council of Chicago and Vicinity,
Laborers' International Union of North America, AFL-CIO

# GRIEVANCE REPORT FORM

Employer __RAGNAR BENSON CONSTRUCTION__   Date of Report __APRIL 22, 2008__

Employer Address __250 S. NORTHWEST HIGHWAY__

City __PARK RIDGE__   State __IL__   Zip __60068__

Phone __847-698-4900__   Fax __847-692-9320__

Site Where Grievance Arose __ARBORETUM (SOUTH BARRINGTON)__

Affected Employee(s) __ALL__

Date of Violation (or first date known) __APRIL 22-2008__

Applicable Contract (check all that apply):   Article(s) Violated __VII PAR 1-2-3__

- ☐ Independent (ICIA)
- ☐ Concrete Contractors (CCA)
- ☐ Demolition (CDCA)
- ☐ Environmental (IECA)
- ☐ Wall & Ceiling (GDCNI / CAWCC)
- ☒ Lake County (LCCA / MARBA)

- ☐ Builders Association (BAC / MARBA)
- ☐ Mason Contractors (MCA / MARBA)
- ☐ Road Builders (IRBA / MARBA)
- ☐ Underground (UCA / MARBA)
- ☐ Fox Valley (FVGCA / MARBA)
- ☐ Other _____

Nature of Violation (attach additional sheets if necessary) __SUB-CONTRACT WORK TO A NON-BARGAINING UNIT__

Remedy Sought __REMOVEL OF SUB-CONTRACTOR & PAYMENT OF ALL MONEYS OWED__

Monetary Sought (Wages, Work Dues, Welfare & Pension, Training, LECET, LDCLMCC)

$__48.19 PER HOUR PER MAN FROM ABOVE DATE FORWARD__
*(Please attach Monetary Work Sheet)*

Union Representative Signature __Leo Egozer__   Local Union No. __118__

White - District Council   •   Yellow - Employer   •   Pink - Local Union

MAY. 5. 2008 11:21AM  LABORERS DISTRICT COUNCIL          NO. 1733   P. 4



**RAGNAR BENSON CONSTRUCTION**
A WILLIAM CHARLES COMPANY

250 S. NORTHWEST HIGHWAY
PARK RIDGE, ILLINOIS 60068
PHONE (847) 698-4900
FAX (847) 692-9320

April 23, 2008

Laborers Local 118
832 East Rand Road
Unit 15
Mount Prospect, IL 60056

Re: The Arboretum of South Barrington

Attn: Mr. Martin Flanagan
President/Business Manager
Laborers Local No. 118
Via Facsimile: 847-394-4823

Dear Mr. Flanagan:

We are in receipt of the Grievance Form dated April 22, in reference to brick paver installation.

Please be advised that this work activity has not been subcontracted by Ragnar Benson Construction, LLC. to any subcontractors.

Your legal attorney requested that a jobsite meeting be held to review this issue, this meeting was scheduled by Ragnar Benson for Wednesday, April 23 at 1:00 p.m. and Local 118 elected not to attend this meeting.

If you have other concerns, please contact me at 847-698-4900.

Sincerely,

Stan Zygowicz
Vice President of Construction

05/MAY. 5. 2008 11:20AM    LABORERS DISTRICT COUNCIL              NO. 1733   P. 2/005



**RAGNAR BENSON CONSTRUCTION**
A WILLIAM CHARLES COMPANY

250 S. NORTHWEST HIGHWAY
PARK RIDGE, ILLINOIS 00068
PHONE (847) 696-4900
FAX (847) 692-0320

May 5, 2008

Via Fax & Mail: 630-655-8853

Chicago and Vicinity Laborer's District Council
and Grievance Committee
999 McClintock Drive, Suite 300
Burr Ridge, IL   60527

Dear Sir or Madam,

I am responding to your letter dated April 24, 2008, requesting a pre-grievance hearing for what you have designated subcontracting of brick paver work to a non-signatory party.

Attached please find a fax that was sent to Mr. Martin Flanagan on April 23, 2008, responding to his letter to Ragnar Benson Construction dated March 24, 2008, concerning the installation of brick pavers by Countryside Landscaping.

We will again state that Ragnar Benson Construction, LLC <u>has not subcontracted any work for the installation of brick pavers</u> on the South Barrington Arboretum site. A meeting to repeat these facts would seem useless.

We will be forwarding a copy of this letter and the associated attachments to MARBA and will await your response.

Respectfully,

RAGNAR BENSON CONSTRUCTION, LLC

Charles M. Williams
Vice President, Construction

CMW:mkw

Attachments

cc: Carol Lord – MARBA, S. Zygowicz, P. Paolini

| FORM NLRB-508 (8-07) | UNITED STATES OF AMERICA NATIONAL LABOR RELATIONS BOARD First Amended CHARGE AGAINST LABOR ORGANIZATIONS OR ITS AGENTS | FORM EXEMPT UNDER 44 U.S.C 3512 |
|---|---|---|
| | | DO NOT WRITE IN THIS SPACE |
| | | Case 13-CD-773 FIRST Amended / Date Filed 5/20 2008 |

INSTRUCTIONS: File an original together with four copies and a copy for each additional charged party named in Item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

| a. Name | b. Union Representative to contact |
|---|---|
| Laborers Union Local 118 | Martin Flanagan |

| c. Telephone No. 630 - 655 - 8289  Fax No. 630 - 655 - 8853 | d. Address (Street, city, state, and ZIP code) 832 East Rand Road, Unit 15 Mount Prospect, IL 60056 | |

e. The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (list subsections) **(4)(b) and (d)** of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On May 19, 2008 and continuing, members and agents of Laborers Union Local 118 threatened and caused a work stoppage at the site listed below in an effort to force Ragnar Benson, a general contractor, to assign work to Local 118 rather than workers from Countryside Industries, a landscaping subcontractor with workers represented by the International Union of Operating Engineers, Local 150.

On May 19, 2008 and continuing, members and agents of Laborers Union Local 118 threatened and caused a work stoppage at the site listed below in an effort to force Ragnar Benson, a general contractor, to cease doing business with Countryside Industries, a landscaping subcontractor.

| 3. Name of Employer Countryside Industries and Ragnar Benson | 4. Telephone No. (312) 795 - 3264 |
|---|---|
| | Fax No. (312) 372 - 7880 |

| 5. Location of plant involved (street, city, state and ZIP code) Route 59 and Route 27, Barrington, IL (Arboretum) | 6. Employer representative to contact David Christlieb, Esq. |
|---|---|

| 7. Type of establishment (factory, mine, wholesaler, etc.) Construction | 8. Identify principal product or service Landscaping | 9. Number of workers employed 25 |
|---|---|---|

10. Full name of party filing charge
Countryside Industries

| 11. Address of party filing charge (street, city, state and ZIP code) 29947 North Rand Road, Wauconda, IL 60084 | 12. Telephone No. (312) - 795 - 3264  Fax No. (312) - 372 - 7880 |

### 13. DECLARATION

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By _____  David L. Christlieb, Atty for Countryside
(signature of representative or person making charge)   (Print/type name and title or office, if any)

Littler Mendelson, 200 N. La Salle, Suite 2900, Chicago IL 60601    (Fax) 312-372-7880
Address _____        (312) 795-3264    5/20 2008
                                                                     (Telephone No.)        (date)

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

### PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.